EUGENE B. GOODWIN, respondent-complainant,

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF MILLVILLE, appellant-defendant.

[Argued June 29th, 1908. Decided December 3d, 1908.]

In the absence of special equities, the court of chancery has no jurisdiction over assessments made in the course of municipal improvements, and will not interfere by injunction to restrain the collection of such assessments merely because the complaining party, by his own laches, lost his remedy at law.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.·

*Messrs. French & Richards,* for the respondent.

*Mr. Louis H. Miller,* for the appellant.

The opinion of the court was delivered by

TRENCHARD, J.

The defendant, the city of Millville, caused to be made by commissioners an assessment of benefits against the owners of lands fronting on streets where it had laid its system of sewers.

On June 1st, 1906, the assessment was confirmed by the city council.

Among those thus assessed were Thomas S. Simmons and Eugene B. Goodwin.

Simmons promptly prosecuted a writ of *certiorari* against the city, and the supreme court, by its judgment of November 19th, 1907, set aside the assessment against the lands of the prosecutor brought up by the writ, and appointed commissioners to make a new assessment upon his property.

As will appear by the opinion filed in that cause (*Simmons v. Mayor, &c., of City of Millville, 75 N. J. Law (46 Vr.) 177*), the assessment against Simmons was set aside because certain properties along the line of the sewer were not assessed for benefits, and since substantially the whole cost of the work, so far as the statute permitted its assessment, was assessed upon certain properties, including the prosecutor's, to the exclusion of others, the result was necessarily injurious to him. The court also found that under the statute, other properties, not along the line of the sewer, but which were within the territorial zone of benefits, should have been assessed, and that the assessment, for that reason, also, was not made in accordance with the statute.

On December 9th, 1907, the complainant, Goodwin, who owns property along the line of the same sewer and whose property was assessed under the same assessment as that of Simmons, applied to the supreme court for a writ of *certiorari* to review the

assessment against his property. The supreme court denied him the writ upon the ground of laches.

On December 17th, 1907, the complainant filed his bill to procure an injunction against the collection of any of the assessments until a proper reassessment is made.

Upon the hearing on bill and affidavits the learned vice-chancellor awarded a preliminary injunction restraining the defendant, the city of Millville, and its officers, from collecting or accepting payments of any of the assessments "until an assessment shall be made upon the properties liable to assessment, but omitted therefrom, and a reassessment made upon other properties to conform thereto according to law."

This appeal raises the question of the propriety of such injunction.

The remedy for an irregularity or error in the imposition of taxes or assessments is by a writ of *certiorari.*

To warrant the interference of a court of equity there must be some peculiar ground of equity jurisdiction. *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.) 255; Hoboken Land and Improvement Co.* v. *Hoboken, 31 N. J. Eq. (4 Stew.) 461, 463.*

In the present case, the vice-chancellor was of the opinion that the complainant, as a taxpayer, irrespective of the assessment against his property, was entitled to restrain the city from enforcing its illegal assessments, the enforcement of which would operate to burden the city with a charge that the statute requires individual properties to bear.

This equitable relief seems to proceed upon the theory that the complainant's remedy was not at law. To this we do not agree. In *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.) 255,* it was pointed out that the jurisdiction of the supreme court to review and correct the errors or irregularities ·of such assessments is exclusive. It must therefore be presumed that if Goodwin had promptly made application to the supreme court for a writ of *certiorari,* it would have been granted, and such relief accorded him as was justified by the state of the case. This he neglected to do. He saw fit, with full knowledge of the errors and irregularities of the assessment, and of the entire situation, to speculate as to the form of relief which the supreme court

would, in its discretion, grant in the *Simmons Case* from the record then before it. In view of the fact that Goodwin delayed applying for a writ of *certiorari* for more than eighteen months after the confirmation of the assessment by city council, the supreme court was undoubtedly justified in denying him the writ on the ground of laches. Especially is this so in view of the legislative policy declared by *P. L. 1907 p. 109,* in which it is provided that no writ of *certiorari* shall thereafter be allowed to review any such assessment unless application therefor shall be made within sixty days after such assessment shall have been confirmed by a court of competent jurisdiction.

As was said in *American Dock and Improvement Co.* v. *Trustees of Public Schools, 35 N. J. Eq. (8 Stew.) 181, 258,* one of the principles which enters into the consideration of the matter presented by this appeal is, that courts interfere with great reluctance with the collection of public revenues. · *Jersey City* v. *Lembeck, 31 N. J. Eq. (4 Stew.) 255,* is an illustrative precedent. The city had laid an assessment on the complainant's lands, which, by the city charter, was an encumbrance; the assessment was invalid; no suit was pending in which the validity of the encumbrance could be tested. The complainant filed a bill under the statute against the city to settle the title to the land and determine the validity of the encumbrance. This court denied relief on the ground that the complainant might have had relief by writ of *certiorari,* which he had lost by his own laches. To justify resort to a court of equity to stay the collection of public revenues, the party must make a case strictly within the bounds of equity jurisdiction—an injury otherwise not remediable; and he must seek and prosecute his remedy with promptitude.

In the present case, as we have seen, the complainant had his remedy at law which he lost by his own laches. He cannot, therefore, resort to a court of equity on that ground.

Nor can the interference of the court of equity be justified upon the ground of the prevention of a multiplicity of suits as was suggested at the argument. The bill appears to have been filed by the complainant in his own behalf only, and there is no indication that any other person is threatening suit. Moreover,

18

any other taxpayer or landowner affected is presumably in the same position as the complainant with respect to laches, and for that reason would not be entitled to relief.

The decree under review should be reversed, and the complainant's bill dismissed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—14.