JOSEPH W. SUTTON, appellant,

*v.*

TOWNSHIP OF MAURICE RIVER, CUMBERLAND COUNTY, respondent.

[Decided February 9th, 1922.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"I am convinced that defendant's motion to strike out the amended bill must prevail.

"In *Jersey City* v. *Lembeck, 31 N. J. Eq. 255,* our court of last resort has definitely determined that the court of chancery cannot set aside or control the proceedings of a municipal body in matters of taxation on the mere ground that such proceedings were irregular or unlawful; that if the acts of such bodies are not *extra vires* they do not fall under equitable control except from the presence of special equities.

"In *Goodwin* v. *Millville, 75 N. J. Eq. 270,* the bill disclosed that an assessment for sewer improvements had been set aside by the supreme court on *certiorari* at the instance of one of the adjacent owners on the ground that the assessment had been made on principles contrary to the statutory requirements for such assessments. After the statutory period for the other adjacent owners to sue out similar writs had expired the munici-

pality proceeded to enforce the void assessment against the remaining adjacent property owners. At the instance of one of the adjacent owners an injunction was issued by this court restraining the city from enforcing the assessment until a re-assessment should have been made pursuant to the decision of the supreme court. On appeal it was held that in the absence of some peculiar ground of equity jurisdiction *certiorari* was the exclusive remedy of either an adjacent owner or a taxpayer, and that remedy having been lost by laches of complainant no relief could be granted.

"I find no such special equities in the present amended bill. It is urged that the original jurisdiction of equity to remove clouds on titles should sustain the jurisdiction. But the cloud here sought to be removed involves an adjudication upon the regularity of the tax proceedings and the tax deed issued thereunder. *Cahill* v. *Town of Harrison, 87 N. J. Eq. 524,* is cited. All the New Jersey cases there collected (at *p. 526*) will be found to be cases in which the proceedings were *ultra vires* the powers of the several municipalities. The decisions of courts of equity of other states and of our federal supreme court, to the effect that the *quia timet* branch of equity jurisdiction to remove or prevent clouds on titles included the removal or prevention of clouds occasioned by taxes or improvement assessments which are void for mere irregularities, are in conflict with the rules now firmly established in this state; it was measurably upon such authorities that the bill in the *Goodwin Case* was entertained in the lower court. The claim that the cemetery was not assessed and is exempt from taxation encounters the same objections; furthermore, if the cemetery was not assessed and is not included in the description contained in the tax deed—the two descriptions appear to be substantially the same—there obviously can be no recovery in the pending ejectment suit which the bill seeks to enjoin. Nor am I able to conclude that the amended bill discloses an equitable estoppel arising from the conduct of the tax officials adequate to justify the interposition of this court. Indeed, in view of the decision in the *Goodwin Case,* it seems impossible to conclude that in this class of cases any

laches which bars the legal remedy for any cause of complaint other than *ultra vires* which could be made a ground of relief by the appropriate legal remedy should not also be operative as a bar to equitable relief, even though such equitable relief might otherwise be appropriately granted.

"I am impelled to advise an order dismissing the amended bill."

*Mr. Herbert C. Bartlett,* for the appellant.

*Mr. Louis H. Miller,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—13.

*For reversal*—None.