It cannot be doubted that "due process of law" embraces the right to a judicial review of proceedings of a municipal body of the nature here involved, or that to meet the constitutional requirement provision in the law for such review must be substantial, adequate and available. But it is equally well settled that the remedy afforded in this state by certiorari is not only adequate but is exclusive, in the absence of special equities invoking equity jurisdiction or acts ultra vires.
The circumstance that, in the exercise of its discretionary judgment, our supreme court has refused to allow a writ ofcertiorari in behalf of complainant herein, and that no appeal lies from that decision of that court, in no way suggests either special equities of complainant or the want of an adequate remedy at law. The determination of the supreme court was not to the effect that certiorari was not an appropriate and available remedy in a case of the nature presented; it was that the facts presented did not disclose an unlawful invasion of private rights, and were for that reason inadequate to justify the allowance of a writ. To entertain the application for the writ, and deny its allowance upon the grounds by that court specifically stated, was to proffer an adequate remedy at law for the alleged unlawful invasion of the rights of complainant herein. This court is now asked to determine in behalf of the same person who sought the writ, and on precisely the same facts by him presented to the supreme court, that that court erred in its judgment of the law, to determine that complainant's rights were unlawfully invaded and that the writ should have been allowed by that tribunal. *Page 461 
A preliminary injunction will be denied because the proceedings of the municipal body, of which complaint is here made were taken in the exercise of powers which by law are confided to that body, and cannot be classed as ultra vires, and no elements are disclosed raising special equities to support the independent jurisdiction of this court. Jersey City v. Lembeck, 31 N.J. Eq. 255,268; Goodwin v. Millville, 75 N.J. Eq. 270; BoothBros. v. Bayonne, 85 N.J. Eq. 281; Sutton v. Maurice RiverTownship, 93 N.J. Eq. 484.
No consideration is herein given to our statute (P.L. 1921 p.515) forbidding injunctions in cases of this class at this late period of the public work. The views herein expressed are deemed adequate.
The bill will also be dismissed unless complainant can suggest by way of amendment material facts which are not at this time disclosed by the record.